UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PHILLIP LAMAR BELL,

    Petitioner,

v.                               Case No. 3:06-cv-1122-J-12MCR

CHARLES GERMANY, et al.,

    Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on December 21, 2006. He challenges a 1996 state court (Duval County) conviction on the ground that he was denied due process of law when he was sentenced as an habitual offender. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Motion to Dismiss (Doc. #11), filed May 23, 2007.

On July 3, 1996, Petitioner's judgment of conviction was affirmed on direct appeal. See Bell v. State, 675 So.2d 1039 (Fla. 1st DCA 1996); Ex.[1] J. Petitioner sought review in the Supreme Court of Florida. Ex. L; Ex. M. On October 15, 1996, the Supreme

---

[1] The Court hereinafter refers to the exhibits appended to Respondents' Exhibit List (Doc. #13), filed May 24, 2007, as "Ex."

2

Court of Florida declined to accept jurisdiction and denied the petition for review. <u>Bell v. State</u>, 683 So.2d 482 (Fla. 1996); Ex. O. Thus, Petitioner's conviction became final on January 14, 1997 (ninety days after the Supreme Court of Florida denied the petition for review). <u>See</u> Supreme Court Rule 13.1.[2]

On October 3, 1998, Petitioner signed, and thereafter filed, a motion for post-conviction relief in the trial court. Ex. P at 1-21. Even assuming *arguendo* that the motion for post-conviction relief was properly filed, it did not toll the federal one-year limitation period because it had already expired 262 days earlier on January 14, 1998. <u>See</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), <u>cert</u>. <u>denied</u>, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, this action was not timely filed.

Petitioner was informed of the provisions of Rule 56 of the Federal Rules of Civil Procedure, warned that the granting of a motion to dismiss or a motion for summary judgment would represent

---

[2] Supreme Court Rule 13.1 states, in pertinent part, that "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."

a final adjudication of this case which may foreclose subsequent litigation on the matter, and given thirty days to respond to the Motion to Dismiss.  See the Court's Order to Show Cause and Notice to Petitioner (Doc. #9), filed April 13, 2007, at 5-7.  As of the date of this Order, Petitioner has not filed a timely response to the Motion to Dismiss.  Thus, the Court will dismiss this case with prejudice as untimely since Petitioner has not shown any reason why the dictates of the one-year limitation period should not be imposed upon him.

Therefore, it is now

**ADJUDGED:**

1. Respondents' May 23, 2007, Motion to Dismiss (Doc. #11) is **GRANTED**.

2. The Petition is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 3RD day of July, 2007.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

ps 6/28
c:
Phillip Lamar Bell
Ass't Attorney General Philip W. Edwards

4